**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 05-CR-20002

GARY THEUNICK, FREDERICK MACKINNON
and MAXWELL GARNETT,

    Defendants.
                                            /

**OPINION AND ORDER GRANTING "GOVERNMENT'S MOTION IN LIMINE"**

Pending before the court is the "Government's Motion in Limine," filed on April 6, 2007. This motion has been fully briefed and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

In its motion, the Government seeks to preclude Defendants Gary Theunick, Frederick MacKinnon and Maxwell Garnett from "representing to the jury information indicating that the Michigan Attorney General's Office declined to prosecute them" because the Government submits that the "evidence is irrelevant and therefore inadmissible" under Federal Rules of Evidence 401 and 402. (Pl.'s Mot. Limine at 1-2.) The Government contends that the evidence is irrelevant because Defendants are charged with crimes arising under the United States Code, under which the Michigan Attorney General is unable prosecute. (*Id.* at 2.) Therefore, the Government concludes

that any decision by the Michigan Attorney General not to prosecute Defendants under state law is irrelevant to Defendants' culpability under the federal indictment. (*Id.*)

Defendants' June 20, 2007 response purports to respond both to the Government's motion in limine and another motion. (*See* Defs.' Resp. to Motion to Quash and Motion in Limine.) However, the only time Defendants' seven-page response even mentions the Government's motion in limine is in this aside:

> Interestingly[,] the Government, in a separate motion, also seeks to preclude the defense from presenting evidence that the Office of the Michigan Attorney General, after an exhaustive investigation believed to have lasted in excess of three years, concluded the defendants had all acted in good faith and would not be prosecuted by State authorities.

(*Id.* at 2.) At best, Defendants' response can be generously construed as arguing that the Michigan Attorney General's alleged good faith conclusion is evidence that Defendants in fact acted in good faith and are therefore innocent of the charged crimes.

As an initial matter, the court disagrees that the Michigan Attorney General's failure to prosecute implies that the Michigan Attorney General concluded that Defendants acted in good faith. Even if, however, the Michigan Attorney General had concluded that Defendants acted in good faith, and were not guilty of any state law crimes, the court is not persuaded that this opinion is relevant, admissible evidence of Defendants' potential culpability under federal law. Accordingly,

IT IS ORDERED that the "Government's Motion in Limine" [Dkt. # 135] is GRANTED. Defendants are PRECLUDED from introducing evidence relating to the Michigan Attorney General's decision not to prosecute Defendants.

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: August 2, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 2, 2007, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522