**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                        Case No. 05-CR-20002

GARY THEUNICK, FREDERICK MACKINNON
and MAXWELL GARNETT,

      Defendants.

_____/

**OPINION AND ORDER REGARDING ENTRAPMENT INSTRUCTION**

Defendant Maxwell Garnett proffers that the jury be instructed on the defense of entrapment by estoppel. This defense, according to every circuit in which it has been recognized, is an affirmative defense and requires a factual basis.[1]

---

[1] *United States v. Rector,* 111 F.3d 503, 506-07 (7th Cir. 1997) (overruled on other grounds) (citations omitted) (stating that entrapment by estoppel is an affirmative defense that requires "the one misleading the defendant be an official of the state; that he actively mislead the defendant; and that the defendant's reliance be actual and reasonable in light of the identity of the agent, the point of law represented, and the substance of the misrepresentation"; additionally, defendant's reliance must be in good faith); *United States v. Aquino-Chacon,* 109 F.3d 936, 938 (4th Cir. 1997) ("A criminal defendant may assert an entrapment-by-estoppel defense when the government affirmatively assures him that certain conduct is lawful, the defendant thereafter engages in the conduct in reasonable reliance on those assurances, and a criminal prosecution based upon the conduct ensues." A defendant "must demonstrate" each of these elements); *United States v. Trevino-Martinez,* 86 F.3d 65, 69 (5th Cir. 1996) (A "criminal defendant may be entitled to raise a defense of entrapment by estoppel only when a government official or agent actively assures a defendant that certain conduct is legal and the defendant reasonably relies on that advice and continues or initiates the conduct." A criminal defendant "must establish" these elements) (internal quotations omitted); *United States v. Brebner,* 951 F.2d 1017, 1024 (9th Cir. 1991) ("The entrapment by estoppel defense applies when an authorized government official tells the defendant that certain conduct is legal and the defendant believes the official." The defendant's "proffer fails to persuade us that there was government conduct sufficient to amount to the type of misleading that *Tallmadge* requires to justify an entrapment by

As explained by the Third Circuit in *U.S. v. West Indies Transport, Inc.,* 127 F.3d 299 (3rd Cir. 1997):

> The affirmative defense of entrapment by estoppel has its roots in two Supreme Court decisions, *Raley v. State of Ohio,* 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959) and *Cox v. State of Louisiana,* 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965), reh'g denied, 380 U.S. 926, 85 S.Ct. 879, 13 L.Ed.2d 814 (1965), finding violations of due process. In *Raley,* defendants refused to answer questions of the Ohio Un-American Activities Commission after a state official erroneously informed them that they were protected under the state constitution's privilege against self-incrimination. The defendants were subsequently held in contempt. The Supreme Court reversed, holding that the state may not "convict[ ] a citizen for exercising a privilege which the state clearly had told him was available to him," for to do so "would be to sanction the most indefensible sort of entrapment." *Raley*, 360 U.S. at 438. The Court applied the doctrine again in *Cox,* where it reversed state law convictions for picketing because a state official had granted defendants permission to picket.

*Id.* at 311-12.

The Third Circuit applied the defense in *United States v. Pennsylvania Industrial Chemical Corp.,* 461 F.2d 468 (3d Cir. 1972), *modified and remanded by* 411 U.S. 655 (1973), where the defendant was charged with discharging pollution and proffered evidence that its criminal acts had been specifically authorized by Army regulations and the federal government's interpretation of the statute. The proffer was rejected, and the trial court refused to instruct that the defendant should be acquitted if his actions resulted from affirmative government representations that its acts were lawful.

---

estoppel defense."); *United States v. Smith,* 940 F.2d 710, 714 (1st Cir. 1991) ("The defendant's due process theory[ is] offered as an affirmative defense. . . . Entrapment by estoppel has been held to apply when an official assures a defendant that certain conduct is legal, and the defendant reasonably relies on that advice and continues or initiates the conduct."). These courts agree that reasonable reliance means a defendant must establish that "a person truly desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries."

2

The Third Circuit reversed, saying "[t]he concept of fair play is implicit in our basic notions of what is meant by due process of law. In this regard, an individual or corporation should not be held criminally responsible for activities which could not reasonably have been anticipated to be illegal based on 70 years of consistent government interpretation and subsequent behavior." *Id.* at 479. The Supreme Court agreed with that statement, holding "it was error for the District Court to refuse to permit PICCO to present evidence in support of its claim that it had been affirmatively misled into believing that the discharges in question were not a violation of the statute." *United States v. Pennsylvania Indus. Chem. Corp.,* 411 U.S. 655, 675 (1973). The Court also held that the defense applied only where there is reliance in fact and that reliance was reasonable under the circumstances. *Id.*

The Sixth Circuit has apparently not spoken on this issue, except to note in passing, in an unpublished opinion, that the defense has been recognized elsewhere:

> [P]ossible defense[s include] 'public authority' [an] affirmative defense [in which] the defendant seeks exoneration based on . . . his reasonable reliance on the authority of a government official to engage him in covert activity' and 'entrapment by estoppel' [which] applies when a government official tells a defendant that certain conduct is legal and the defendant commits what would other wise be a crime in reasonable reliance on the official's representation.'

*United States v. Valentine,* No. 94-6195, 1995 WL 390322 at *6 (6th Cir. June 30, 1995) (citing *United States v. Baptista-Rodrieguez,* 17 F3d. 1354, 1368, n. 18 (11th Cir. 1994))

This court similarly determines that the proffered defense is an affirmative defense requiring a showing by the defendant that there is a factual basis for the instruction. Specifically, the defendant must demonstrate that, before he acted, a

3

government official told him that certain conduct, alleged in this case to be criminal, would be legal, that he actually relied upon the government official's statement in so acting and that his reliance was in good faith and reasonable in light of the identity and responsibilities of the government official in question, the point of law discussed, and the substance of the government official's statement. If the court determines that the defendant ha made a sufficient *prima facie* factual showing in order to qualify for an instruction,[2] the instruction would be set forth as follows:

>   (1)   Under some circumstances, a defendant can defend against a charge of illegal behavior by asserting that he was reasonably relying upon a responsible governmental official who had told him, before he acted, that the conduct at issue would be legal.
>
>   (2)   This is a special kind of defense that would apply if you find that the government has proven everything that would be needed to convict the defendant based on the behavior at issue. This special defense, unlike the defense of a criminal case generally, is called an "affirmative defense," and requires the defendant to prove certain facts.
>
>   (3)   To prove this affirmative defense, the defendant must prove the following elements by a preponderance of the evidence. A "preponderance of the evidence" means proving something is true by more evidence, or more convincing evidence supporting the proposed fact than whatever the evidence may be to the contrary.
>
>   (4)   First, that before the defendant acted, a government official told the defendant that certain conduct, alleged in this case to be criminal, would be legal;
>
>   (5)   Second, that the defendant actually relied upon the government official's statement(s) in so acting;

---

[2] As of the time that this opinion is being issued and filed, no such showing has been made. The defendant has pointed out that certain questions that might lay a factual basis have been met with hearsay objections. Additional questions may be appropriate on continued direct examination in light of this opinion.

(6) Third, that the defendant's reliance was in good faith and reasonable in light of

    (A) the identity and responsibilities of the government official in question,

    (B) the point of law discussed, and

    (C) the substance of the government official's statement(s).

(7) If the defendant proves all these elements as I have described, then the defendant cannot be found guilty of the criminal conduct at issue.

(8) "Good faith" reliance means reliance that is honest and straightforward, not willfully blind to reality.

(9) "Reasonable" reliance means reliance that is consistent with rational judgment and common sense, not foolhardy.

IT IS SO ORDERED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: August 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 27, 2007, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522