**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 05-20002

FREDERICK A. MACKINNON,

    Defendant.

                                             /

**OPINION AND ORDER REQUIRING DEFENDANT
TO SUBMIT A VALID FINANCIAL AFFIDAVIT**

Pending before the court is Defendant Frederick A. MacKinnon's "Petition for Representation In Forma Pauperis." Defendant initially filed the financial affidavit accompanying his petition under seal and did not disclose its contents to the government. The court ordered the disclosure of the financial affidavit to the government, and the government has filed a response to Defendant's petition. For the reasons stated below, the court now orders Defendant to submit a valid financial affidavit.

Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. Under 28 U.S.C. § 1915(a), any application for an appeal *in forma pauperis* must be accompanied by "an affidavit that includes a statement of all assets such prisoner possesses." Here, Petitioner supports his indigency through such a financial affidavit. (Def.'s Pet. at 3.) Having reviewed the affidavit, the court finds it insufficient to grant Defendant's petition.

First, the affidavit appears to have been signed by Defendant prior to its completion by his spouse, Elizabeth MacKinnon.  Defendant's signed the affidavit on June 19, 2008, and the affidavit includes a notarized last page, signed by Defendant's spouse, dated June 24, 2008.   (Def.'s Aff. at 1.)  The affidavit, however, attests to income earned by Defendant's spouse up to and including *August* of 2008.  (*Id.* at 4.)  The court questions the reliability of an affidavit that appears to have been signed by the affiant before its completion.

The affidavit also includes numerous monthly expenses for Defendant which he simply could not incur while incarcerated.  For example, it includes $190 a month in "Motor Vehicle" expense, $20 in "Laundry and dry-cleaning" expense, and $300 per month for the item "Dog License Vet."  (Def.'s Aff. at 6.)  Because a reliable affidavit is a prerequisite to the grant of an application to proceed *in forma pauperis*, the court cannot grant the application until a proper financial affidavit has been submitted.  The court is not requiring Defendant to fill-out the affidavit form himself, and indeed, his spouse may enter the financial information for Defendant's later review.  The court does require, though, that the Defendant not sign the affidavit until he has reviewed all the information listed for accuracy as to his own personal financial state.

The court notes that Defendant's counsel, Richard L. Lee, submitted a motion to withdraw to the Sixth Circuit on May 22, 2008.  Because of the uncertainty as to when Lee's motion will be considered, the court seeks to ensure Defendant receives the court's order and a proper affidavit for completion.  Accordingly,

IT IS ORDERED that Defendant's counsel, Richard L. Lee, deliver a copy of this order and a blank financial affidavit in support of a motion to proceed *in forma pauperis*

to Defendant by **November 10, 2008**.

Further, IT IS ORDERED that Defendant file a valid financial affidavit on or before **December 1, 2008**. If the court does not receive a proper affidavit from Defendant by that time, the court will deny his petition.

    s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2008, by electronic and/or ordinary mail.

    s/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522