UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 05-20002

FREDERICK A. MACKINNON,

    Defendant.
                                                    /

**OPINION AND ORDER DENYING DEFENDANT'S "PETITION FOR REPRESENTATION IN FORMA PAUPERIS"**

Pending before the court is Defendant Frederick A. MacKinnon's "Petition for Representation In Forma Pauperis." Defendant initially filed a financial affidavit accompanying his petition under seal but did not disclose its contents to the government. (7/31/08 Pet.) The court ordered the disclosure of the financial affidavit to the government (9/25/08 Order), and the government filed a response opposing Defendant's petition. (10/8/08 Resp.) The court, upon inspection of Defendant's financial affidavit, noted numerous inconsistencies and ordered Defendant to resubmit a corrected affidavit. (10/31/08 Order.) Defendant complied with the court's order and the Government filed a supplemental brief continuing their opposition to Defendant's petition. (1/20/09 Resp.) For the reasons stated below, the court remains unconvinced, and will deny Defendant's petition.

Under 28 U.S.C. § 1915(e), the court "may request an attorney to represent any person unable to afford counsel." To determine if a prisoner can afford counsel on a

direct criminal appeal, the court refers to 28 U.S.C. § 1915(a),[1] requiring any application for an appeal in forma pauperis to be accompanied by "an affidavit that includes a statement of all assets such prisoner possesses." Defendant has filed the standard financial affidavit form as supplied by the United States Court of Appeals for the Sixth Circuit.

Defendant's petition and affidavits contain inconsistencies and omissions both internal to the most recent affidavit and by comparison to earlier statements defendant has presented. He states in his December 26, 2008 affidavit that, for the twelve months preceding that date, his average monthly income was $307.50. (Def.'s 12/26/08 Aff. at 2.) Defendant also attached an account statement listing "all transactions" in his account from July 22, 2008 until December 11, 2008 – a period of five months. (*Id.* at 7.) During that time Defendant had a total income of $2,129.96, which provides an average monthly income, over the five month period, of $425.99. Although it is obvious that neither of these figures represents substantial income, Defendant nonetheless provides no explanation for the significant internal difference between his sworn testimony of $307.50 in income per month and the account statement showing a $425.99 in income per month for the last five months. Further, Defendant reports a combined $900 per month in expected gifts. (*Id.* at 2.) Also, Defendant's December

---

[1] "[A]ny court of the United States may authorize the . . . defense of any suit . . . civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

2008 affidavit states that neither he nor his wife had income from employment of any kind during the preceding twelve months, and states that their monthly income from all sources as zero. Defendant's earlier statement, however, revealed that Defendant's wife did, in fact, work from mid-2007 and mid-2008, with earnings of more than $60,000. (6/19/098 Aff. at 4; 10/31/08 Order at 2.)  Further, Defendant's signature on the earlier affidavit is dated June 19, 2008, which precedes certain entries that are found in the body of that affidavit.  (10/31/08 Order at 2.)

Defendant's most recent affidavit is preceded by clear instructions for prisoners, requiring them to "attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months of your institutional accounts."  (Def.'s 12/26/08 Aff. at 3, ¶ 4.)  As discussed, Defendant attached a print-out account statement, but it is not certified by an institutional officer.

Further, the court is aware that Defendant failed to provide *any* financial data for inclusion in his presentence report although he was clearly instructed, and even agreed, to do so.  His lack of previous cooperation and his behavior – which can fairly be called secretive – further clouds the current submission and highlights its omissions and inconsistencies, in addition to Defendant's failure to follow explicit directions. As a result, the petition is rendered more suspicious and less reliable than it would otherwise be.  In light of these circumstances, the court is not persuaded that Defendant is entitled to in forma pauperis status and will deny his petition.

Accordingly, IT IS ORDERED that Defendant's "Petition for Representation In Forma Pauperis" [Dkt. # 239] is DENIED.

        s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: March 19, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 19, 2009, by electronic and/or ordinary mail.

        s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\05-20002.MACKINNON.DenyIFP.and.Appt.Counsel.eew.wpd